**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **CHARLES BAILEY**, | Case No. 3:24-cv-01113-IM |
| Plaintiff, | **OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT** |
| v. | |
| **OREGON SUPREME COURT**; and **EVELYN TURCOTT**, | |
| Defendants. | |

Charles Bailey, PO Box 19813, Baltimore, MD 21225. Pro Se.

**IMMERGUT, District Judge.**

This matter is before this Court on Plaintiff Charles Bailey's Application to Proceed In Forma Pauperis, ECF 2, and his Motion for Appointment of Counsel, ECF 3. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, this Court grants Plaintiff's request to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). For the reasons below, however, this Court dismisses Plaintiff's Complaint without prejudice. *See* 28 U.S.C. § 1915(e)(2). This Court also denies Plaintiff's Motion for Appointment of Counsel.

PAGE 1 – OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

## LEGAL STANDARDS

A complaint filed IFP may be dismissed at any time, including before service of process, if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that sua sponte dismissals under § 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (noting that § 1915(e) applies to all IFP complaints, not just those filed by inmates). A complaint is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Ozim v. City & Cnty. of San Francisco*, No. 21-15099, 2021 WL 5412457, at *1 (9th Cir. Nov. 19, 2021). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that a defendant violated a plaintiff's rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts, however, must construe pro se filings liberally. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Simmons v. United States*, 142 S. Ct. 23, 25 (2021) (Sotomayor, J., statement respecting denial of certiorari) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).

## BACKGROUND

Plaintiff filed his Complaint on July 8, 2024. ECF 1. He provides his address and the addresses for the Oregon Supreme Court and Evelyn Turcott, whom he lists as a court clerk. *Id.* at 1–2. He claims that this Court's jurisdiction is based on both the presence of a federal question and diversity of citizenship. *Id.* at 3. For federal question jurisdiction, Plaintiff appears to rely upon his statement, "Attorney General 1341 statute on mail fraud 940 18 USC Section 1341." *Id.* Plaintiff does not provide any further information detailing a basis for diversity jurisdiction, though Plaintiff states that he resides in Maryland. *Id.* at 1, 3. For the statement of his claim, Plaintiff writes, "Court clerk signed for my mail + disposed of it, making my case automatically thrown out!" *Id.* at 4. For his requested relief, Plaintiff writes, "Attorney General Ellen Rosenblum settled 2.5 million due to mail fraud against Eyemed on May 17, 2023." *Id.*

Plaintiff attaches three documents to his Complaint. First, a letter dated August 29, 2023 from the United States Postal Inspection Service informing Plaintiff that his "complaint would be best handled by" a different United States Postal Service department, and advising that his complaint was forwarded to that office. *Id.* at 6. Second, an appellate judgment signed by the Appellate Commissioner for the Multnomah County Circuit Court and dated July 31, 2023. *Id.* at 7. It appears that Plaintiff was the plaintiff-appellant in that case, and that the state court granted a motion to dismiss his appeal for lack of an undertaking for costs on appeal. *See id.* (citing Or. R. App. P. 7.40). Third, an amended order of dismissal from the Oregon Supreme Court, signed November 1, 2023, and explaining that Plaintiff could not seek review in that court of the Appellate Commissioner's decision. *Id.* at 8.

## DISCUSSION

### A. Sua Sponte Dismissal

As detailed below, this Court finds that it is appropriate to dismiss Plaintiff's Complaint sua sponte and permit him leave to amend his Complaint.

### 1. Jurisdiction

Before screening Plaintiff's Complaint pursuant to § 1915(e)(2)(B), this Court first addresses whether it has jurisdiction over this action. Federal courts are courts of limited jurisdiction and are not empowered to hear every dispute presented by litigants. *See A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). A federal district court is empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and those that fall within the area of jurisdiction granted by Congress. *See United States v. Ceja-Prado*, 333 F.3d 1046, 1049–50 (9th Cir. 2003). Original jurisdiction must be based either on a claim arising under the Constitution, laws, or treaties of the United States or on diversity of citizenship for controversies involving more than $75,000. 28 U.S.C. §§ 1331, 1332.

Here, Plaintiff brings his claim under 18 U.S.C. § 1341. Though this is a federal statute, it does not confer jurisdiction here because it "does not provide a private right of action." *Cirino v. GMAC Mortg. LLC*, 667 F. App'x 248, 249 (9th Cir. 2016) (citing § 1341); *see also Ross v. Orange Cnty. Bar Ass'n*, 369 F. App'x 868, 869 (9th Cir. 2010) (recognizing that there is "no separate private right of action for mail fraud under 18 U.S.C. § 1341"); *Cobb v. Brede*, No. C 10-03907 MEJ, 2012 WL 33242, at *2 (N.D. Cal. Jan. 6, 2012) (noting that §§ 1341 and 1343 "are the federal criminal statutes for mail and wire fraud . . . [that] do not provide litigants with a private right of action"), *aff'd*, 517 F. App'x 556 (9th Cir. 2013). Any claim brought by Plaintiff under 18 U.S.C. § 1341 is dismissed.

As for diversity jurisdiction, Plaintiff alleges that he is a citizen of Maryland, and that Defendants are citizens of Oregon. He seeks $2.5 million, which exceeds the amount in controversy requirement of $75,000. From the limited information Plaintiff has provided at this stage, it appears that he has established that this Court has diversity jurisdiction over this action. Nonetheless, as explained below, Plaintiff's Complaint fails to satisfy Federal Rule of Civil Procedure 8, and his claims lack a legal and factual basis. Therefore, his Complaint must be dismissed.

### 2.  Federal Rule of Civil Procedure 8

"In addition to the grounds for a sua sponte dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed." *Herta v. Wiblemo*, No. 22-CV-1679-BAS-BGS, 2023 WL 116346, at *2 (S.D. Cal. Jan. 5, 2023); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (collecting Ninth Circuit cases upholding Rule 8 dismissals when pleadings were "confusing," "largely irrelevant," "distracting, ambiguous, and unintelligible," "highly repetitious," or "consist[ing] of incomprehensible rambling"). Rule 8 requires that each pleading include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1).

Here, "the Complaint fails to give Defendants 'fair notice of what [P]laintiff's claim is and the grounds upon which it rests in order to enable [Defendants] to prepare an answer . . . , and to identify the nature of this case.'" *Herta*, 2023 WL 116346, at *2 (quoting *Isidro Mejia v. N.Y. Police Dep't*, 1:16-cv-9706-GHW, 2019 WL 3412151, at *7 (S.D.N.Y. July 28, 2019)). Plaintiff provides little to no factual allegations relating to his claims, and he does not connect

PAGE 5 – OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

his claims to the relief he seeks. Accordingly, Plaintiff's Complaint fails to comply with Rule 8 and must be dismissed.

Because Plaintiff is proceeding pro se, this Court will allow him an opportunity to amend his Complaint to cure these deficiencies. The following discussion is intended to assist Plaintiff should he choose to amend his Complaint.

### 3.  Screening Pursuant to 28 U.S.C. § 1915(e)(2)

As noted above, any complaint filed by a plaintiff proceeding IFP is subject to sua sponte dismissal by the court to the extent the complaint contains claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam); *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). Dismissal of Plaintiff's Complaint is appropriate because, without his claim under 18 U.S.C. § 1341, it is unclear what claim, if any, he brings, and the legal and factual basis underlying his Complaint.[1] And, as explained below, Plaintiff's Complaint also raises issues of sovereign and judicial immunity.

### a.  Sovereign Immunity

Under the Eleventh Amendment, "a federal court generally may not hear a suit brought by any person against a nonconsenting State." *Allen v. Cooper*, 589 U.S. 248, 254 (2020). The

---

[1] This Court notes that on the Civil Cover Sheet attached to his Complaint, ECF 1-1, Plaintiff checked the following options for the nature of his suit: Assault, Libel & Slander; Amer. w/Disabilities – Other; and Racketeer Influenced and Corrupt Organizations. Plaintiff has not brought such claims in his Complaint, nor has he provided facts from which this Court could make out such claims.

United States Supreme Court "has judicially extended [the Eleventh Amendment] to bar federal courts from deciding virtually any case in which a state or the 'arm of a state' is a defendant." *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422 (9th Cir. 1991). The Ninth Circuit has previously concluded that a state court has sovereign immunity as an arm of the state. *See Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (holding Superior Court of the State of California has immunity under Eleventh Amendment). Plaintiff cannot maintain claims against an entity that is an arm of the state.

### 4. Judicial Immunity

Plaintiff also cannot maintain a claim against the court clerk so long as she was "perform[ing] tasks that are an integral part of the judicial process," because she is entitled to absolute quasi-judicial immunity for such tasks. *Mullis v. U.S. Bankr. Ct. for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (first citing *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979); then citing *Shipp v. Todd*, 568 F.2d 133, 134 (9th Cir. 1978); then citing *Stewart v. Minnick*, 409 F.2d 826 (9th Cir. 1969); and then citing *Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986)). Without more information, this Court cannot determine if the court clerk was performing a task integral to the judicial process, but Plaintiff is advised that the court clerk does possess immunity for such tasks.

## B. Motion for Appointment of Counsel

In addition to Plaintiff's motion to proceed IFP, Plaintiff also moves for appointment of counsel. Generally, a plaintiff in a civil case has no right to appointed counsel. *See Hernandez v. Whiting*, 881 F.2d 768, 770–71 (9th Cir. 1989); *United States v. 30.64 Acres*, 795 F.2d 796, 801 (9th Cir. 1986). A court has discretion, however, to appoint an attorney to represent "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In deciding whether to appoint counsel in a

civil case, a court may consider whether a plaintiff made a reasonably diligent effort to obtain counsel. *See Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993). Here, it does not appear that Plaintiff made efforts to secure counsel. *See* ECF 3 at 2 (indicating that Plaintiff did not contact a lawyer, law firm, or legal clinic to try to obtain legal representation).

Additionally, court appointment of counsel pursuant to § 1915(e)(1) requires a finding of "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn v. Esalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Determining whether "exceptional circumstances" exist requires a court to evaluate a plaintiff's (1) likelihood of success on the merits, and (2) ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Id.* In light of this Court's determination that Plaintiff has failed to state a claim for relief, this Court also finds that Plaintiff has not shown a likelihood of success on the merits of his case and therefore Plaintiff's motion to appoint counsel is denied. Should Plaintiff file an amended complaint curing the deficiencies described above, he may also request that the Court reconsider his motion to appoint counsel.

## CONCLUSION

Plaintiff's Application for Leave to Proceed In Forma Pauperis, ECF 2, is GRANTED. Plaintiff's Complaint, ECF 1, is DISMISSED without prejudice. Plaintiff is granted leave to amend his Complaint; if Plaintiff chooses to amend his Complaint, he must do so by August 6, 2024. Plaintiff's Motion for Appointment of Counsel, ECF 3, is DENIED without prejudice. Plaintiff may request reconsideration of his Motion for Appointment of Counsel if he amends his Complaint.

///

///

PAGE 8 – OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

**IT IS SO ORDERED.**

DATED this 16th day of July, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge